## WILLIAM H. ANDERSON v. CANADIAN NORTHERN RAILWAY COMPANY and Another.[1]

July 16, 1915.

Nos. 19,307—(211).

**Verdict — evidence.**

1. The evidence is *held* sufficient to sustain the verdict.

**Damages.**

2. The damages awarded, as reduced by the trial court, *held* not excessive.

**Request to charge jury.**

3. The refusal of the trial court to grant certain requests to instruct the jury *held* not error.

**Contributory negligence — alighting from moving train.**

4. Under ordinary circumstances it is negligence to alight from a moving

[1] Reported in 153 N. W. 863.

Note.—The authorities passing upon negligence of passenger in getting on or off moving train are reviewed in the notes in 21 L.R.A. 354; 22 L.R.A. (N.S.) 741, and L.R.A. 1915C, 181.

train. However, circumstances may arise under which it becomes a question for the jury. *Held* that, under the evidence in this case, the question as to whether or not plaintiff was guilty of contributory negligence was properly for the jury.

### New trial — discretion of trial court.

5. The question as to whether or not a new trial should be granted for improper remarks, conduct or argument on the part of counsel is almost entirely within the discretion of the trial court, whose decision will not be questioned by this court, unless it clearly appears that there was an abuse of discretion.

Action in the district court for Roseau county to recover $25,000 for personal injury received while alighting from defendant's train. The case was tried before Watts, J., and a jury which returned a verdict for $8,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, if plaintiff consented to a reduction of the verdict to $6,618, defendant appealed. Affirmed.

*Hector Baxter* and *H. Christopher,* for appellants.

*Alexander Fosmark* and *Haupt & Busch,* for respondent.

. SCHALLER, J.

Action to recover damages for injuries sustained by plaintiff while a passenger on one of the defendant's trains on the ninth day of September, 1913, at Swift in Roseau county, Minnesota. The case was tried to a jury which brought in a verdict for plaintiff. Defendant made a blended motion for judgment notwithstanding the verdict or for a new trial, from the denial of which motion it appeals.

On the ninth day of September, 1913, plaintiff purchased a ticket at Warroad and became a passenger on the defendant's train, intending to go to Swift. Plaintiff was going to Swift for the purpose of doing a job of painting. He had a pail and some brushes contained in a still larger pail which he placed inside the coach near the door when he embarked on the train. He sat down about two or three seats from the door. When the train arrived at Swift, he went to the door of the coach. Then remembering his pails, he stepped back, got the pails and went out on the platform of the coach and

descended the steps. He was on the bottom step, holding the pail in his left hand and grasping the hand rail with his right, when the train started. His ankle gave way, causing him to lose his balance so that he swung upon or was impelled upon the platform. He fell between the platform and the rail and his left leg was crushed so that it had to be amputated.

The foregoing is substantially the story told by plaintiff himself, which was in some respects corroborated by other witnesses. True the conductor testified that plaintiff had stepped down from the train to the platform and afterward returned to the car, and that he was injured when alighting from the moving car on a second attempt to leave the train, but the jury was the judge of the weight of the testimony and credibility of the witnesses, and was justified in believing plaintiff's version if it found it to be the true one.

There was conflicting testimony as to how long the train remained at the station, plaintiff and his witnesses testifying to intervals of from 10 seconds to less than a minute, and defendant's witnesses testifying that the train remained at the station from one to two and a half or three minutes. This was also a question for the jury.

The errors assigned are addressed to the question as to whether or not there was evidence sufficient to sustain the verdict; errors of law in the refusal of the court to grant certain requested instructions to the jury; whether or not plaintiff was guilty of such contributory negligence as would, as a matter of law, bar his recovery; that plaintiff's counsel were guilty of such misconduct as deprived defendants of a fair trial, and that the damages awarded are excessive and appear to be given under the influence of prejudice and passion.

1, 2. We have examined the record and hold that there was sufficient evidence to sustain the verdict. The injuries were serious and permanent. We do not think the verdict as reduced by the court is excessive.

3, 4. Error is assigned for the failure to grant four certain requests to instruct. Each of these requests sets out facts which, it is contended, might be found from the evidence in the case, and each concludes with a direction to the jury to bring in a verdict in

favor of the defendants. It is contended that, if the facts set forth in the instructions are found to be true, plaintiff was guilty of contributory negligence as a matter of law. The requests assume that it is negligence as a matter of law for a passenger to get off of a moving train. Such is not the law. Circumstances may arise under which it is not negligence. Street v. Chicago, M. & St. P. Ry. Co. 124 Minn. 517, 145 N. W. 746, and cases cited.

The learned trial court, adopting the language of this court in Street v. Chicago, M. & St. P. Ry. Co. supra, instructed the jury that: "Under ordinary circumstances it is negligence to alight from a moving train; but when the train does not stop long enough to permit those lawfully on board to leave it, you are to determine from the evidence whether plaintiff should be held guilty of contributory negligence for alighting when the train was slowly moving by the station platform."

This instruction correctly stated the law as applicable to the facts shown on the trial. The fault in defendant's requests was the assumption that the mere fact that plaintiff alighted from a moving train (whether it was moving slowly or rapidly), was contributory negligence as a matter of law.

The question as to what is or is not negligence is primarily a question for the jury. Under the evidence, the jury could have found that plaintiff started down the steps of the car while the train was standing still and that as he reached the last step, the train started, just as he was about to step off the car onto the platform, that his ankle failed him as the train moved, and that the turning or "creeling" (as he describes it) of his ankle caused him to fall or be pitched forward onto the platform. Under these circumstances, we cannot say that the verdict is not supported by the evidence nor that the plaintiff was guilty of contributory negligence as a matter of law.

5. The question as to whether or not a new trial should be granted for improper remarks, conduct or argument of counsel rests almost entirely in the discretion of the trial court. 2 Dunnell, Minn. Digest, § 7102, and cases cited.

An examination of the record discloses some cause for complaint

but we are satisfied that the learned trial court did not abuse his discretion in denying the motion for a new trial made on this ground.

The order appealed from is affirmed.